# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANSSEN PHARMACEUTICA N.V., and JANSSEN PHARMACEUTICA PRODUCTS, L.P. | |
| Plaintiffs, | CIVIL ACTION NO.: 03-6220 (JCL) |
| vs. | |
| MYLAN PHARMACEUTICALS, INC. | |
| Defendant. | |
| JANSSEN PHARMACEUTICA N.V., and JANSSEN PHARMACEUTICA PRODUCTS, L.P. | |
| Plaintiffs, | CIVIL ACTION NO.: 03-6185 (JCL) |
| vs. | **OPINION** |
| DR. REDDY'S LABORATORIES, LTD., and DR. REDDY'S LABORATORIES, INC. | |
| Defendants. | |

**LIFLAND, District Judge**

On October 13, 2006, this Court held that Defendants Mylan Pharmaceuticals, Inc. ("Mylan"), Dr. Reddy's Laboratories, Ltd., and Dr. Reddy's Laboratories, Inc. (collectively "DRL") failed to prove by clear and convincing evidence that U.S. Patent No. 4,804,663 ("the '663 patent") is invalid for obviousness, and that Mylan failed to prove that the '663 patent is unenforceable due to inequitable conduct. As a result, the Court found that Defendants infringed the '663 patent under 35 U.S.C. § 271(e)(2). See Janssen Pharmaceutica N.V. v. Mylan Pharmaceuticals Inc., ___ F. Supp. 2d ___, Nos. 03-6220, 6185, 2006 U.S. Dist. LEXIS 74582, at *89 (D.N.J. Oct. 13, 2006).

In light of the Court's ruling, Plaintiffs Janssen Pharmaceutica N.V., and Janssen Pharmaceutica Products, L.P. (collectively "Janssen") now requests an order dismissing various counterclaims brought by Mylan and DRL, some of which were stayed pending the resolution of the obviousness and inequitable conduct issues.

In its June 7, 2006 Second Amended Answer, Mylan raised counterclaims of Invalidity (Count One), Exceptional Case (Count Two), and Inequitable Conduct (Count Three). In its February 5, 2004 Answer, DRL raised counterclaims of Non-infringement (Count One), and Invalidity (Count Two). For the reasons stated in the Court's October 13, 2006 opinion, the Court will dismiss these counterclaims.

Mylan also asserted counterclaims of Monopolization under the Sherman Act (Count Four), Attempted Monopolization (Count Five), Conspiracy to Monopolize (Count Six), Common Law Unfair Competition (Count Seven), and Unfair Competition under the Lanham Act (Count Eight). These counterclaims were stayed until the patent issues were resolved.

Janssen now requests that those stayed counterclaims be dismissed. Mylan does not assert any substantive reason why these counterclaims should not be dismissed. Because the viability of these counterclaims required a finding by this Court that the '663 patent was either invalid or unenforceable, they must also be dismissed. See, e.g., Data Line Corp. v. Micro Techs., Inc., 813 F.2d 1196, 1197 (Fed. Cir. 1987) (affirming dismissal of monopolization counterclaim after finding trial court properly found patent to be valid and infringed); IMCS, Inc. v. D.P. Tech. Corp., 264 F. Supp. 2d 193, 197 (D.N.J. 2003) ("A lawsuit that alleges unfair competition . . . cannot be based merely on the filing of a lawsuit to enforce a presumptively valid patent.") (citing Zenith Electronics Corp. v. Exzec, Inc., 182 F.3d 1340, 1349 (Fed. Cir. 1999)).

Finally, in light of the Court's finding that the '663 patent is nonobvious, DRL's double patenting counterclaim (Count Three) will also be dismissed. See, e.g., Research Corp. Techs., Inc. v. Gensia Labs., Inc., 10 F. App'x 856, 860 (Fed. Cir. Mar. 23, 2001) ("The proper question in an obviousness-type double

patenting inquiry is whether the claims at issue would have been obvious to one of ordinary skill in the art over the subject matter of the claims in the first patent.") (citing In re Kaplan, 789 F.2d 1574, 1579-80 (Fed Cir. 1986)).

Appropriate Judgments are entered herewith.

/s/ John C. Lifland, U.S.D.J.

November 8, 2006